BARFIELD, Chief Judge.
Appellant, Donald Reedy, challenges an order finding him to be in contempt of court for failing to appear at a deposition. We reverse.
In 1996, seven plaintiffs commenced a civil lawsuit in DeKalb County, Georgia against SAFECO Insurance Company of America (SAFECO). After filing a Notice of Deposition in the Georgia Court, SAFECO applied to the Georgia court for a commission for the taking of a deposition from Donald Reedy, a resident of Duval County, Florida. Reedy is not a party to the Georgia lawsuit. On September 11, 1997, a Commission for Out-of-State Deposition was issued by the Georgia court. The commission appointed Marianne Branson of the Duval County court reporting firm of McKendree & Maxwell as a commissioner to take the deposition testimony of Reedy on October 15, 1997, at the Jacksonville office of the Bedell, Dittmar law firm.
On September 22, 1997, the Duval County Sheriffs office served upon Reedy a subpoena duces tecum for deposition commanding Reedy to appear for a deposition on October 14,1997. The subpoena was issued by Flori-da attorney R.H. Farnell, II, of the law firm of Bedell, Dittmar. Reedy failed to appear for the deposition. On October 15, 1997, Farnell served upon Reedy’s attorney a Petition for Order Holding Donald Reedy in Contempt of Court.
After a hearing, the trial judge entered an order finding Reedy in contempt of court for failing to appear at the October 14, 1997 deposition. The trial judge determined that the subpoena issued to Reedy was in correct form and that service on Reedy was properly made. The trial judge found that Reedy’s contention that the subpoena was invalid because it was issued by SAFECO’s Florida attorney rather than the Duval County Clerk of Court was without merit, citing Florida Rule of Civil Procedure 1.410(a).
We reject Reedy’s argument that the subpoena was defective because he was never served with a notice of taking of deposition. A notice of deposition need not be served on a non-party witness. We also reject Reedy’s argument that the subpoena was invalid because it set a deposition date prior to the date set forth in the underlying commission. There is no requirement in section 92.251, Florida Statutes, or in Rule 1.410 that a commission issued by a foreign court specify the date, time or place for the taking of the Florida resident’s deposition.
SAFECO asserts that section 92.251, Florida Statutes, and Rule 1.410 provide that once a commission is issued by a foreign court, a Florida resident can be compelled to appear and give deposition testimony in a foreign case just as if the case were pending in Florida’s own courts. SAFECO argues that Reedy was subpoenaed to appear in exactly the same manner he would have been had the case been pending here. We cannot agree.
Section 92.251, the Uniform Foreign Depositions law, provides that whenever any commission is issued out of any court of record in any other state, “witnesses may be compelled to appear and testify in the same manner and by the same process and proceeding as may be employed for the purpose of taking testimony in proceedings pending in this state.” Rule 1.410 governs issuance of subpoenas.
The 1967 Author’s Comment to Rule 1.410, West’s Florida Statutes Annotated, states:
Prior to 1955 F.S.A. § 91.27 gave to commissioners appointed by the courts of other states the power to issue subpoenas. This was repealed by Laws 1955, c. 29737, § 1 with the evident thought that the content of F.S.A. Chapter 91 was amply covered by the 1954 Florida Rules of Civil Procedure dealing with the taking of depositions. The original Rule 1.34 failed to include any provision for compelling the attendance of witnesses before commissioners appointed by other courts. Therefore, effective December 1st, 1956, a new paragraph (f) was added to former Rule *805 1.34 [now paragraph (g) of Rule 1.410] to cover this problem.
Under F.S.A. § 91.27 commissioners appointed outside the state had the same powers as commissioners appointed by courts of this state. Section 91.25 gave the commissioners themselves the power to issue subpoenas. Now, the subpoena is to be issued by the Clerk of the Circuit Court at the instance of the commissioner. This apparently assumes a written request supported by a proper showing of appointment.
Rule 1.410(g) provides:
(g) Depositions Before Commissioners Appointed in This State by Courts of Other States; Subpoena Powers; etc. When any person authorized by the laws of Florida to administer oaths is appointed by a court of record of any other state, jurisdiction, or government as commissioner to take the testimony of any named witness within this state, that witness may be compelled to attend and testify before that commissioner by witness subpoena issued by the clerk of any circuit court at the instance of the commissioner or by other process or proceedings in the same manner as if the commissioner had been appointed by a court of this state....
Prior to 1996, Rule 1.410(a) and (e) provided that subpoenas were issued by the clerk of the court. In 1996, Rule 1.410 was amended to provide:
(a)Subpoena Generally. Subpoenas for testimony before the court, subpoenas for production of tangible evidence, and subpoenas for taking depositions may be issued by the clerk of court or by any attorney of record in an action.
(e) Subpoena for Taking Depositions. Filing a notice to take a deposition as provided in rule 1.310(b) or 1.320(a) with a certificate of service on it showing service on all parties to the action constitutes an authorization for the issuance of subpoenas for the persons named or described in the notice by the clerk of the court in which the action is pending or by an attorney of record in the action....
It does not clearly appear that the supreme court, in amending subsections (a) and (e) of Rule 1.410, considered the effect of the amendments on subsection (g).
Even if subsection (g) provides for issuance of a subpoena by the procedure set forth in the 1996 amendments to subsections (a) and (e), the subpoena at issue was defective. Subsections (a) and (e) provide for issuance of a subpoena by an attorney of record in the action. Farnell, who issued the subpoena at issue, clearly never appeared in the Georgia action and no action was filed in Florida. Because the subpoena was defective, Reedy could not be held in contempt of court for failing to appear for the scheduled deposition.
We recommend that further amendment of Rule 1.410 be considered. There are good reasons for having a local court’s imprimatur of correctness on a subpoena, one being that the recipient of a subpoena would have a forum to test the validity of the subpoena without having to choose between the burden of opening proceedings in a Florida court or the possibility of being held in contempt of court as a result of inaction. Comparable statutes and rules from other jurisdictions provide procedures that are clearer and provide greater protection for residents. In Arizona, for example, Rule 30(h) of the Rules of Civil Procedure provides:
The party or the attorney shall file, as a civil action, an application, under oath, captioned as is the foreign action, which contains the following information:
(a) The caption of the case and the court in which it is pending including the names of all parties and the names of the attorneys for the parties;
(b) References to the law of the jurisdiction in which the action is pending which authorized the taking of the deposition in this state and such fact, as under that law, must appear to entitle the party to take the deposition and have a subpoena issued for the attendance of the witness;
(c) A certified copy of the notice of taking deposition, order of the court authorizing the deposition, commission or letters roga-tory or such other pleadings, as under the *806 law of the foreign jurisdiction, are necessary in order to take the deposition;
Upon the filing of the application, the clerk of the Superior Court of the county in which the deposition is to be taken shall forthwith issue the subpoena or subpoena duces tecum as requested by the application. ... No further proceedings in the Superior Court of the State of Arizona are required but any party or the witness may make such motions as are appropriate under the Arizona Rules of Civil Procedure.
Rule 28, South Carolina Rules of Civil Procedure, provides:
(d) Depositions or Production in Out-of-State Action.
(1) When the deposition of a witness or production of documents or other things, is to be done in this State for use in an out-of-state action or proceeding, an attorney licensed to practice law in this State, or the clerk of court, may issue subpoena, including a subpoena duces tecum, compelling the attendance of such witness at that deposition, or the production of documents or other things pursuant to this rule and subject to all of the requirements of Rule 45 and Rule 11, only after payment of the filing fee set by Administrative Rule, and after filing with the Clerk of Court:
(A) A certified copy of any mandate, writ, or commission issued by a court of record in any other state ... directing that such deposition be taken or documents or other things produced;
(3) Such witness or a party may obtain a protective order pursuant to Rule 26(c) upon application to the court in the county from which the subpoena is issued.
(4) If such witness fails to obey the subpoena or refuses to answer any question propounded upon oral examination, the provisions of Rule 37(a) and (b) shall apply, and the party requesting the deposition shall make application for such order to the court of the county from which the subpoena was issued.
Rule 45 of the Idaho Rules of Civil Procedure provides that “an attorney licensed in Idaho as officer of the court may also issue and sign a subpoena.”
REVERSED.
ALLEN and KAHN, JJ., concur.